# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**QUINCY HIBBLER,**                                                                                **MOVANT**

**V.**                                           **NO.: 2:09CR156-SA**

**UNITED STATES OF AMERICA,**                                      **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Quincy Hibbler, federal prisoner number 14203-042, is proceeding *pro se* on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Government has submitted a response to the motion. Having considered the pleadings and the record, including the relevant parts of Hibbler's underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that the motion should be denied.

### Background Facts and Procedural History

On May 13, 2010, Quincy Hibbler pleaded guilty to conspiracy to possess with intent to distribute a mixture containing cocaine base in excess of fifty grams. His statutory range of imprisonment was not less than ten years and not more than life, and his applicable criminal history category was III. His Presentence Report ("PSR") listed his Sentencing Guideline range at 84 to 105 months. On April 25, 2011, the Court sentenced Hibbler to the mandatory minimum of 120 months imprisonment with five years of supervised release. The judgment was filed on May 4, 2011.

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

On July 24, 2012, Hibbler filed the instant motion to vacate asserting that his sentence should have been determined according to the Fair Sentencing Act ("FSA"). He also claims that his attorney provided ineffective assistance in failing to argue and/or preserve on appeal that Hibbler should have received the effect of the Fair Sentencing Act; that the Court applied the wrong statutory penalty with respect to the ten-year mandatory minimum; and that his guilty plea does not support the ten-year mandatory minimum sentence, to which he was sentenced in violation of due process.

On February 4, 2013, Hibbler, through counsel, filed a motion for reduction of sentence suggesting that his sentence be reduced in accordance with the FSA. The motion for reduction of sentence was granted by Order filed on February 13, 2013, and as a result of application of the FSA, Hibbler's sentence was reduced to seventy months of imprisonment and four years of supervised release.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted); *see also* 28 U.S.C. § 2255. Collateral attack limits a defendant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

**Discussion**

The Fair Sentencing Act of 2010 ("FSA"), implemented on August 3, 2010, reduced the "crack-to-powder cocaine disparity from 100-to-1 to 18-to-1." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). Thus, an offender's pre-FSA ten-year minimum mandatory sentence for possession with intent to distribute fifty grams of cocaine base was reduced to a post-FSA minimum mandatory sentence of five years. After the effective date of the FSA, questions remained whether the new provisions would apply to pre-Act offenders. This remained undecided until 2012, when the *Dorsey* Court determined that the new minimums of the FSA would apply "to all of those sentenced after August 3, 2010." *Dorsey*, 132 S. Ct. at 2336.

Hibbler claims that his counsel rendered ineffective assistance in failing to argue and/or preserve on appeal that Hibbler should receive the benefit of the FSA. To prevail on a claim for ineffective assistance of counsel, Hibbler must demonstrate that his counsel committed errors so grave as to deprive him of his Sixth Amendment right to a fair trial, and that actual prejudice resulted from his attorney's inadequate performance. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 687 (1984).

While the FSA had been implemented at the time Hibbler was sentenced, the law was less than clear whether the FSA would apply to Hibbler, whose offense occurred prior to the implementation of the FSA. Therefore, counsel's failure to argue that Hibbler should receive the full effect of the FSA was not unreasonable. Moreover, Hibbler cannot demonstrate prejudice because his sentence was subsequently reduced in accordance with the FSA. Therefore, Hibbler's claim of ineffective assistance fails.

Hibbler's remaining claims concern his argument that the wrong statutory penalty was applied in his case. As previously noted, at the time Hibbler was sentenced, the minimum

mandatory sentence for his crime was ten years, which is the sentence Hibbler received. However, Hibbler's sentence has been reduced from 120 months to 70 months, and his period of supervised release was reduced from five years to four years. This sentence is in line with the FSA and the Sentencing Guidelines, which now provide for a range of imprisonment of 70 to 87 months for the crime to which Hibbler pleaded guilty. Accordingly, Hibbler's claims are moot and otherwise do not warrant relief.

## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that Hibbler has not made such a showing, and a COA will not issue in this case.

## Conclusion

Because Hibbler's sentence has already been reduced in accordance with the Sentencing Guidelines and the FSA, Hibbler is not entitled to relief under 28 U.S.C. § 2255, and his motion to vacate, set aside, or correct sentence (ECF No. 69) is **DENIED**. A certificate of appealability from this decision is **DENIED**. The Court will enter final judgment by separate order.

**SO ORDERED**, **THIS** the 16th day of September, 2014.

                                           /s/ Sharion Aycock
                                           **U.S. DISTRICT JUDGE**